```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 7/12/2020
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ANTHONY MEDINA,

                       Plaintiff,

-against-

NEW YORK STATE DIVISION OF PAROLE, et al.,

                       Defendants.

1:20-CV-3763 (VSB)

ORDER OF SERVICE

VERNON S. BRODERICK, United States District Judge:

    Plaintiff Anthony Medina, who is currently held in the Metropolitan Detention Center ("MDC"),[1] brings this *pro se* action under 42 U.S.C. §§ 1983 and 1985, Title II of the Americans with Disabilities Act ("ADA"), and the Rehabilitation Act. The Court construes Plaintiff's amended complaint as also asserting claims under state law. Plaintiff seeks damages as well as declaratory and injunctive relief.

    Plaintiff sues many defendants, including the State of New York, the New York State Department of Corrections and Community Supervision ("DOCCS"), the former New York State Division of Parole, individual DOCCS employees and other state employees in their individual and official capacities, as well as the New York City Department of Correction ("NYC DOC"), individual NYC DOC employees in their individual and official capacities, and the Bellevue Men's Shelter (a Manhattan homeless shelter operated by the New York City Department of Homeless Services ("DHS")). Plaintiff also sues Jason Colter, a private individual.

---

[1] Plaintiff filed his original and amended complaints while he was held in the North Infirmary Command ("NIC") on Rikers Island, and has since been transferred to MDC.

By order dated June 23, 2020, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis* ("IFP").[2]

For the reasons discussed below, the Court dismisses Plaintiff's claims against DOCCS, the New York State Division of Parole, the Bellevue Men's Shelter, and the NYC DOC. The Court also dismisses Plaintiff's claims that are duplicative of those that he asserts in *Medina v. Smalls*, 1:20-CV-3985. The Court adds the City of New York as a defendant, and it requests that the City of New York and Defendants Anderson, Chaplain, Copeland, Bacon, Akpan, Liriano, and Rivera waive service of summons. The Court further directs service on the remaining identified defendants, and directs the Attorney General of the State of New York to assist Plaintiff in identifying the unidentified "John Doe" and "Jane Doe" defendants. And the Court denies Plaintiff's motion for *pro bono* counsel without prejudice to the Court's consideration of the motion at a later date.

## STANDARD OF REVIEW

The Prison Litigation Reform Act requires that federal courts screen complaints brought by prisoners who seek relief against a governmental entity or an officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). The Court must dismiss a prisoner's IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). The Court must also dismiss a complaint if the Court lacks subject-matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these

---

[2] Prisoners are not exempt from paying the full filing fee, even when they have been granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1).

grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted, emphasis in original).

## DISCUSSION

**A.     DOCCS and the New York State Division of Parole**

Plaintiff sues the State of New York, DOCCS, and the former New York State Division of Parole. Because both DOCCS and the former New York State Division of Parole are arms of the State of New York, and because Plaintiff's claims against these defendants are redundant of his claims against the State of New York, a named defendant, *see Morgan v. N.Y. State Dep't of Corr. & Cmty. Serv.*, No. 19-CV-4121, 2019 WL 5552349, at *2 (S.D.N.Y. Oct. 28, 2019) ("In 2011, the New York State Department of Correctional Services and the New York State Division of Parole merged to become DOCCS. DOCCS, as an arm of the state, stands in the same position as the State of New York.") (internal quotation marks and citations omitted), the Court dismisses Plaintiff's claims against DOCCS and the Division of Parole, *see* Fed. R. Civ. P. 21.

**B.     Duplicative clams**

Plaintiff asserts claims in this action that are duplicative of his claims in *Medina v. Smalls*, 1:20-CV-3985, an action pending before Judge Katherine Polk Failla of this Court. *Medina*, 1:20-CV-3985, was opened as a new civil action after Plaintiff's claims in *Azor-El v. New York City Dep't of Corr.*, 1:20-CV-3650, were ordered severed from *Azor-El* and opened as a new civil action. (*See* ECF1:20-CV-3650, 20.) Since no useful purpose would be served by litigating those claims in this action, the Court dismisses those claims without prejudice as duplicative of those in *Medina*, 1:20-CV-3985. *See Curtis v. Citibank, N.A.*, 226 F.3d 133, 138

(2d Cir. 2000) ("As part of its general power to administer its docket, a district court may stay or dismiss a suit that is duplicative of another federal court suit.").

C.      **Bellevue Men's Shelter and the NYC DOC**

The Court must dismiss Plaintiff's claims against the Bellevue Men's Shelter (a DHS) shelter) and the NYC DOC because agencies of the City of New York, like the DHS and NYC DOC, are not entities that can be sued. N.Y. City Charter ch. 17, § 396 ("[A]ll actions and proceedings for the recovery of penalties for the violation of any law shall be brought in the name of the city of New York and not in that of any agency, except where otherwise provided by law."); *Jenkins v. City of New York*, 478 F.3d 76, 93 n.19 (2d Cir. 2007); *Adams-Flores v. City of New York,* No. 18-CV-12150, 2020 WL 996421, *3 (S.D.N.Y. Mar. 3, 2020) (the NYC DOC is not a suable entity); *Ghouneim v. DHS*, No. 19-CV-0748, 2019 WL 1207857, at *1 (S.D.N.Y. Mar. 13, 2019) (same as to DHS), *appeal dismissed*, No. 19-658, 2019 WL4409920 (2d Cir. June 20, 2019); *see also Emerson v. City of New York*, 740 F. Supp. 2d 385, 395 (S.D.N.Y. 2010) ("[A] plaintiff is generally prohibited from suing a municipal agency."). The Court therefore dismisses Plaintiff's claims against the Bellevue Men's Shelter and the NYC DOC.

In light of Plaintiff's *pro se* status and clear intention to assert claims against the City of New York, the Court construes Plaintiff's amended complaint as asserting claims against the City of New York and directs the Clerk of Court to amend the caption of this action to replace the Bellevue Men's Shelter and the NYC DOC with the City of New York. *See* Fed. R. Civ. P. 21. This amendment is without prejudice to any defenses the City of New York may wish to assert.

D.      **Request to waive service of summons**

The Clerk of Court is directed to notify the New York City Department of Correction and the New York City Law Department of this order. The Court requests that the City of New York

and Defendants Anderson, Chaplain, Copeland, Bacon, Akpan, Liriano, and Rivera waive service of summons.

E.     **Service on the remaining identified defendants**

As Plaintiff has been granted permission to proceed IFP, he is entitled to rely on the Court and the U.S. Marshals Service to effect service. *See Walker v. Schult*, 717 F.3d 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the Court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP). Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that a summons and the complaint be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have served summonses and the amended complaint on the State of New York and Defendants Campbell, Corse-Johnson, Turkle, Schulze, and Colter the until the Court reviewed the amended complaint and ordered that summonses be issued for those defendants. The Court therefore extends the time to serve those defendants until 90 days after the date that summonses are issued for those defendants. If the amended complaint is not served on those defendants within that time, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service); *see also Murray v. Pataki*, 378 F. App'x 50, 52 (2d Cir. 2010) (summary order) ("As long as the [plaintiff proceeding IFP] provides the information necessary to identify the defendant, the Marshals' failure to effect service automatically constitutes 'good cause' for an extension of time within the meaning of Rule 4(m).").

To allow Plaintiff to effect service on the State of New York and Defendants Campbell, Corse-Johnson, Turkle, Schulze, and Colter through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-

285 form") for each of those defendants. The Clerk of Court is further instructed to issue summonses for those defendants, and deliver to the Marshals Service all of the paperwork necessary for the Marshals Service to effect service on those defendants.

**F.      Unidentified "John Doe" and "Jane Doe" defendants**

Under *Valentin v. Dinkins*, a *pro se* litigant is entitled to assistance from the district court in identifying an unidentified defendant. 121 F.3d 72, 76 (2d Cir. 1997). In the amended complaint, Plaintiff supplies sufficient information to permit DOCCS to identify the unidentified "John Doe" and "Jane Doe" defendants. Those defendants include (1) the Regional Senior Parole Officer at the DOCCS Bronx II Field Office, (2) the DOCCS Regional Inter-State Parole Supervisor who "is responsible for supervising, managing, and approving the inter-state transfer process for the [DOCCS] Bronx II field office for parolees requesting to have their parole transferred to another state" (ECF 4, at 5), and (3) the DOCCS Intra-State Parole Coordinator who "is responsible for processing inter-state transfer applications from New York parolees requesting to have their parole permanently transferred to another state" (*id.* at 5-6).

It is therefore ordered that the Attorney General of the State of New York, who is the attorney for and agent of DOCCS, must ascertain the identities of each unidentified "John Doe" or "Jane Doe" defendant whom Plaintiff seeks to sue here and the address where each of those defendants may be served. The Attorney General must provide this information to Plaintiff and the Court within sixty days of the date of this order.

Within thirty days of receiving this information, Plaintiff must file a second amended complaint in which he names the newly identified defendants. The second amended complaint will replace, not supplement, the original and amended complaints. A second amended complaint form that Plaintiff should complete is attached to this order. Once Plaintiff has filed a second amended complaint, the Court will screen the second amended complaint and, if necessary, issue

an order directing the Clerk of Court to complete the USM-285 forms with the addresses for the newly identified defendants and deliver all documents necessary to effect service on those defendants to the U.S. Marshals Service.

### G.  *Pro bono* counsel

The factors to be considered in ruling on an indigent plaintiff's motion for *pro bono* counsel include the merits of the case, the plaintiff's efforts to obtain a lawyer, and the plaintiff's ability to gather the facts and present the case if unassisted by counsel. *See Cooper v. A. Sargenti Co.*, 877 F.2d 170, 172 (2d Cir. 1989); *Hodge v. Police Officers,* 802 F.2d 58, 60-62 (2d Cir. 1986). Of these, the merits are "[t]he factor [that] command[s] the most attention." *Cooper*, 877 F.2d at 172. And even if a court does believe that a litigant should have a free lawyer, under the IFP statute, a court has no authority to "appoint" counsel, but instead, may only "request" that an attorney volunteer to represent a litigant. *Mallard v. U.S. Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296, 301-10 (1989).

Because it is too early in the proceedings for the Court to assess the merits of the action, the Court denies Plaintiff's motion for *pro bono* counsel (ECF 5) without prejudice to the Court's consideration of the motion at a later date.

## CONCLUSION

The Court directs the Clerk of Court to mail a copy of this order to Plaintiff, together with an information package.

The Court dismisses Plaintiff's claims against the New York State Department of Corrections and Community Supervision, the New York State Division of Parole, the Bellevue Men's Shelter, and the New York City Department of Correction.

The Court also dismisses Plaintiff's claims in this action that are duplicative of his claims in *Medina v. Smalls*, 1:20-CV-3985, without prejudice.

The Court further directs the Clerk of Court to add the City of New York as a defendant. Fed. R. Civ. P. 21.

The Court additionally directs the Clerk of Court to notify the New York City Department of Correction and the New York City Law Department of this order. The Court requests that the City of New York and Defendants Anderson (an ADA Coordinator at the NIC), Chaplain (an ADA Coordinator at the NIC), Copeland (a Correction Officer assigned to the ADA Coordinators), Bacon (the NYC DOC Disabilities Rights Coordinator), Akpan (the NIC Law Library Coordinator), Liriano (a Correction Officer, Shield No. 13592), and Rivera (Deputy Warden of the NIC) waive service of summons.

The Court directs the Clerk of Court to (1) issue summonses for the State of New York and Defendants Campbell, Corse-Johnson, Turkle, Schulze, and Colter, (2) complete USM-285 forms with the service addresses for those defendants, (3) and deliver all documents necessary to effect service on those defendants to the U.S. Marshals Service.

The Court denies Plaintiff's motion for *pro bono* counsel (ECF 5) without prejudice to the Court's consideration of the motion at a later date.

The Court directs the Clerk of Court to mail a copy of this order and the amended complaint to the Attorney General of the State of New York at 28 Liberty Street, New York, New York 10005.

A second amended complaint form is attached to this order.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:  July 12, 2020
        New York, New York

Vernon S. Broderick
United States District Judge

## DEFENDANTS AND SERVICE ADDRESSES

1. State of New York
   Attorney General of the State of New York
   28 Liberty Street
   New York, New York 10005

2. Ronnesia Campbell, Parole Officer
   Bronx II Area Office
   14 Bruckner Boulevard
   Bronx, New York 10454

3. B. Corse-Johnson, Senior Parole Officer
   Bronx II Area Office
   14 Bruckner Boulevard
   Bronx, New York 10454

4. Bruce J. Turkle, Assistant Attorney General
   28 Liberty Street
   New York, New York 10005

5. Daniel A. Schulze, Assistant Attorney General
   28 Liberty Street
   New York, New York 10005

6. Jason Colter
   227 Bowery
   New York, New York 10002