UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------- X
ANTHONY MEDINA,                                          :
                                                         :
                                    Plaintiff,           :
                                                         :
                -against-                                :  20-CV-3763 (VSB)
                                                         :
CITY OF NEW YORK, et al.,                                :  **ORDER**
                                                         :
                                    Defendants.          :
-------------------------------------------------------- X

VERNON S. BRODERICK, United States District Judge:

### I.   Background

Plaintiff Anthony Medina brings this pro se action under 42 U.S.C. §§ 1983 and 1985, Title II of the Americans with Disabilities Act ("ADA"), and the Rehabilitation Act.[1] The Court construes Plaintiff's second amended complaint as also asserting claims under state law. Plaintiff seeks damages as well as declaratory and injunctive relief. By order dated June 23, 2020, I granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis* ("IFP"). (Doc. 7.)

Previously, I issued an order dismissing Plaintiff's claims against the New York State Department of Corrections and Community Supervision ("DOCCS"), the New York State Division of Parole, the New York City Department of Homeless Services Bellevue Men's Shelter ("Bellevue Men's Shelter"), and the New York City Department of Corrections ("NYC DOC"). (Doc. 13.) I also dismissed Plaintiff's claims that were duplicative of those that he asserts in *Medina v. Smalls*, 20-CV-3985. (*Id.*) I added the City of New York as a defendant. (*Id.*) Finally, I requested that certain defendants waive service of summons, and directed service

---

[1] Plaintiff was scheduled to be released from Sullivan Correctional Facility on January 8, 2021. (*See* Doc. 81.)

on the remaining identified defendants. (*Id.*)

## II. Legal Standards

The Prison Litigation Reform Act requires that federal courts screen complaints brought by prisoners who seek relief against a governmental entity or an officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). The Court must dismiss a prisoner's IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). The Court must also dismiss a complaint if the Court lacks subject-matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to construe pro se pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they suggest," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted, emphasis in original).

## III. Discussion

### A. *DOCCS, Bellevue Men's Shelter, and NYC DOC*

Plaintiff again sues many defendants, including defendants that I previously terminated from the case: DOCCS, the Bellevue Men's Shelter, and NYC DOC. (Doc. 82 at 79.) For the reasons stated in my previous order, I dismiss Plaintiff's claims against DOCCS, the Bellevue Men's Shelter, and NYC DOC. (*See* Doc. 13 at 3–4.)

Additionally, in light of Plaintiff's *pro se* status and clear intention to assert claims against the City of New York, I construe Plaintiff's second amended complaint as asserting claims against the City of New York, and direct the Clerk of Court to amend the caption of this

action to replace the Bellevue Men's Shelter and the NYC DOC with the City of New York. *See* Fed. R. Civ. P. 21. This amendment is without prejudice to any defenses the City of New York may wish to assert.

### B. *Request to Waive Service of Summons*

The Clerk of Court is directed to notify the New York City Department of Correction and the New York City Law Department of this order. The Court requests that the City of New York and Defendants Anderson, Chaplain, Copeland, Bacon, McQueen, Akpan, Liriano, E. Rivera, Dunbar, Morales, Collins, and Miller waive service of summons.

### C. *Service on the Remaining Defendants*

As Plaintiff has been granted permission to proceed IFP, he is entitled to rely on the Court and the U.S. Marshals Service to effect service. *See Walker v. Schult*, 717 F.3d 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the Court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP). Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that a summons and the complaint be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have served summonses and the second amended complaint on Defendants Corse-Johnson, Colter, Estwick, Carswell, Risch, and N. Rivera, until the Court reviewed the second amended complaint and ordered that summonses be issued for those defendants. I therefore extend the time to serve those defendants until 90 days after the date that summonses are issued for those defendants. If the second amended complaint is not served on those defendants within that time, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service);

*see also Murray v. Pataki*, 378 F. App'x 50, 52 (2d Cir. 2010) (summary order) ("As long as the [plaintiff proceeding IFP] provides the information necessary to identify the defendant, the Marshals' failure to effect service automatically constitutes 'good cause' for an extension of time within the meaning of Rule 4(m).").

To allow Plaintiff to effect service on Defendants Corse-Johnson, Colter, Estwick, Carswell, Risch, and N. Rivera through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM- 285 form") for each of those defendants. The Clerk of Court is further instructed to issue summonses for those defendants, and deliver to the Marshals Service all of the paperwork necessary for the Marshals Service to effect service on those defendants.

### IV.   Conclusion

Accordingly, it is hereby:

ORDERED that Plaintiff's claims against the New York State Department of Corrections and Community Supervision, the Bellevue Men's Shelter, and the New York City Department of Correction are dismissed.

The Clerk of Court is respectfully directed to add the City of New York as a Defendant. The Court additionally directs the Clerk of Court to notify the New York City Department of Correction and the New York City Law Department of this order. The Court requests that the City of New York and Defendants Anderson (an ADA Coordinator at the NIC), Chaplain (an ADA Coordinator at the NIC), Copeland (a Correction Officer assigned to the ADA Coordinators), Bacon (the NYC DOC Disabilities Rights Coordinator), Akpan (the NIC Law Library Coordinator), Liriano (a Correction Officer, Shield No. 13592), E. Rivera (Deputy Warden of the NIC), McQueen (a Correction Officer, Shield No. 18588), Dunbar (Warden of

George Reno Vernon Center), Morales (Deputy Warden of Programs at George Reno Vernon Center), Collins (Warden of the NIC), and Miller (Deputy Warden for Security at NIC) waive service of summons.

The Clerk of Court is respectfully directed to (1) issue summonses for Defendants Corse-Johnson, Colter, Estwick, Carswell, Risch, and N. Rivera (2) complete USM-285 forms with the service addresses for those defendants, (3) and deliver all documents necessary to effect service on those defendants to the U.S. Marshals Service.

The Court directs the Clerk of Court to mail a copy of this order to pro se Plaintiff at 2886 Wilkinson Avenue, 2nd Floor, Bronx, NY 10461.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal.  *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:   February 16, 2021
         New York, New York

*[signature]*
Vernon S. Broderick
United States District Judge