UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
                                        :

ANTHONY MEDINA,                   :
                                          :

                      Plaintiff,     :
                                          :                 20-CV-3763 (VSB)

            -against-         :                  **ORDER**
                                          :

NEW YORK STATE DIVISION OF PAROLE:
et al.,                                  :
                                          :

                      Defendants.  :
                                          :
---------------------------------------------------------------X

VERNON S. BRODERICK, United States District Judge:

       I am in receipt of Plaintiff's motion for reconsideration, (Doc. 135, the "Motion"), and

the declaration filed in support, (Doc. 136, the "Declaration").  In his Declaration, Plaintiff

requests "reconsideration of part of the Court's February 16, 2021 order."  (*Id.*)  Because

Plaintiff's Motion is untimely and he has not identified any grounds that justify reconsideration,

the Motion is DENIED.

       Local Civil Rule 6.3 mandates a motion for reconsideration shall be served within

fourteen days after the entry of the Court's determination of the original motion.  *See Elgalad v.

N.Y.C. Dep't of Educ.*, No. 17-CV-4849 (VSB), 2019 WL 4805669, at *3 (S.D.N.Y. Sept. 30,

2019).  Courts "in this Circuit routinely deny untimely motions for reconsideration without

considering their merits."  *Id.* at *8 (quoting *Beckles v. City of New York*, No. 08 CIV.

3687(RJH)(JCF), 2010 WL 1841714, at *4 (S.D.N.Y. May 10, 2010)).

       Plaintiff's Motion was filed over two years after the Opinion & Order for which he seeks

reconsideration.  (*See* Docs. 89, 136.)  In his Declaration, Plaintiff also refers to a letter he

prepared on September 24, 2020, (Doc. 54), in which he sought reconsideration of my July 12,

2020 Order, (Doc. 13, "Order"), on the same grounds as the present Motion, (Doc. 136 at 2). This letter was filed over two months after the Order, and therefore was also untimely. (*See* Docs. 13, 54.)  Accordingly, Plaintiff's motions entered at Documents 54 and 136 are denied as untimely.

Further, even if the Motion were not untimely, I would deny it.  The standard for a motion for reconsideration "is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995).  Generally, a party seeking reconsideration must show either "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992) (citation omitted).

Plaintiff does not raise any change in law, and in fact even acknowledges that "[t]his is the third or fourth motion for reconsideration Plaintiff Medina has filed based on identical grounds." (Doc. 136 at 1.)  The law that Plaintiff does rely on is misapplied and I considered it in connection with the Opinion & Order which he challenges.  Accordingly, Plaintiff's Motion is DENIED.

The Clerk of the Court is respectfully directed to terminate the motion pending at Document 135.

SO ORDERED.

Dated:  October 27, 2023
         New York, New York

Vernon S. Broderick
United States District Judge