UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
          :
ANTHONY MEDINA,          :
          :
         Plaintiff,  :
          :          20-CV-3763 (VSB)
      - against -  :
          :          **OPINION & ORDER**
NEW YORK STATE DIVISION OF  :
PAROLE, *et al.*,          :
          :
         Defendants.  :
          :
------------------------------------------------------------X

Appearances:

Anthony Medina
Bronx, NY
*Pro se Plaintiff*

James Brennan Cooney
New York State Office of the Attorney General
New York, NY
*Counsel for Defendant State of New York, Ronnesia Campbell, Barbara Corse-Johnson*

Andrew James Rauchberg
New York City Law Department
New York, NY
*Counsel for Defendants City of New York, Shane Anderson, Michelle Bacon, Okon J. Akpan, Ms. Chaplain, Ms. Copeland, I. Ife Liriano, Elyn Rivera, Karen Risch, James R. Carswell, Diana Estwick, Tiffnany Morales, Sherma Dunbar, Robin Collins, R. McQueen, and Ronald Miller*

VERNON S. BRODERICK, United States District Judge:

    Before me are two filings: (1) Defendant City of New York's (the "City") motion for reconsideration of my September 26, 2023 Opinion & Order, (Doc. 134 ("Opinion")), pursuant to Rules 59(e) of the Federal Rules of Civil Procedure and Local Civil Rule 6.3, (Doc. 144), and (2) pro se Plaintiff's letter request for appointment of pro bono counsel, (Doc. 147). For the reasons below, the City's motion for reconsideration is GRANTED IN PART and DENIED IN

PART and Plaintiff's request for appointment of pro bono counsel is GRANTED.

## I. Background and Procedural History[1]

In a letter dated June 27, 2023, pro se Plaintiff requested, among other things, appointment of pro bono counsel. (*See* Doc. 132, Ex. 1.) On July 18, 2023, I denied the request for pro bono counsel "because it [was] too early in the proceedings for [me] to assess the merits of the action." (Doc. 133 at 2.) I also noted that "[i]f this case survives Defendants' motion to dismiss, Plaintiff may renew his application for appointment of counsel." (*Id.*)

In my September 26, 2023 Opinion & Order, I granted in part and denied in part the respective motions of the City Defendants and State Defendants[2] to dismiss. (Doc. 134 at 2.) In doing so, I dismissed all of Plaintiff's causes of action except those alleging (1) violations of the Americans with Disabilities Act ("ADA") as to the City and Defendant State of New York (the "State"), (2) violations of Section 504 of the Rehabilitation Act ("RA") as to the City and the State, and (3) deliberate indifference for transportation accommodations under 42 U.S.C. § 1983 and the Fourteenth Amendment as to Defendants Senior Parole Officer Barbara Corse-Johnson and Parole Officer Ronnesia Campbell. (*Id.* at 2, 6–7.)

On November 9, 2023, after obtaining an extension request, Defendant City of New York timely moved for reconsideration of the Opinion denying dismissal of the ADA and RA claims against Defendant City, (Doc. 144), and filed an accompanying memorandum of law, (Doc. 145 ("MFR Br.").) The City also seeks clarification concerning whether my Opinion dismissed Plaintiff's claims for injunctive relief against the City. (*Id.* at 6–7.)

---

[1] I assume the parties' familiarity with the relevant facts and procedural history, which are set forth in my Opinion. (*See* Doc. 134.)

[2] I incorporate definitions of "City Defendants" and "State Defendants" as found in the Opinion. (*See* Doc. 134 at 1 n.1, 2 n.2.)

In a letter dated June 6, 2024, Plaintiff renewed his request that I appoint pro bono counsel because this action has survived Defendants' motions to dismiss. (Doc. 147.)

## II.      Legal Standard

"The standards governing motions under Local Rule 6.3 along with Fed. R. Civ. P. 59(e) and 60(b) are the same." *In re Facebook, Inc., IPO Sec. & Derivative Litig.*, 43 F. Supp. 3d 369, 373 (S.D.N.Y. 2014), *aff'd sub nom. Lowinger v. Morgan Stanley & Co. LLC*, 841 F.3d 122 (2d Cir. 2016). Reconsideration is an "extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." *United States v. Yudong Zhu*, 41 F. Supp. 3d 341, 342 (S.D.N.Y. 2014) (internal quotation marks omitted). The standard for a motion for reconsideration "is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). Whether to grant or deny a motion for reconsideration is "within 'the sound discretion of the district court.'" *Premium Sports Inc. v. Connell*, No. 10-CV-3753, 2012 WL 2878085, at *1 (S.D.N.Y. July 11, 2012) (quoting *Aczel v. Labonia*, 584 F.3d 52, 61 (2d Cir. 2009)).

"A motion for reconsideration is not an opportunity for a petitioner to relitigate an issue already decided or present arguments that could have been made before the judgment was entered." *Ethridge v. Bell*, 49 F.4th 674, 688 (2d Cir. 2022) (internal quotation marks omitted). Rather, a motion for reconsideration can be granted "only in limited circumstances when the petitioner identifies 'an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" *Id.* (quoting *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Tr.*, 729 F.3d 99, 104 (2d Cir. 2013)).

3

"The Second Circuit has yet to promulgate a standard for a motion for reconsideration based on an intervening change of law." *Poletti v. Pepsi-Cola Bottling Co. of N.Y., Inc.*, No. 21-CV-7603, 2025 WL 41609, at *2 (S.D.N.Y. Jan. 7, 2025) (citing *Edmondson v. RCI Hosp. Holdings, Inc.*, No. 16-CV-2242, 2021 WL 4499031, at *2 (S.D.N.Y. Oct. 1, 2021)). Even so, the Second Circuit has analogized such a motion to that involving a motion for the court of appeals to recall a mandate due to an intervening change of law. *See Sargent v. Columbia Forest Prod., Inc.*, 75 F.3d 86, 89 (2d Cir. 1996) (stating that the power to recall a mandate "is analogous to the power conferred on district courts by Fed. R. Civ. P. 60(b)"). District courts have accordingly considered and analyzed cases involving motions to recall a mandate in considering a motion for reconsideration based on an intervening change of law. *See, e.g.*, *Edmondson*, 2021 WL 4499031, at *2 (considering Rule 60(b) motion based on intervening change of law in light of *Sargent*); *Devino v. Duncan*, 215 F. Supp. 2d 414, 417–18 (S.D.N.Y. 2002) (same). Courts consider, among other factors, whether the change in law "is beyond any question inconsistent with [its] earlier decision." *Sargent*, 75 F.3d at 90. Notably, the change in law must do more than merely "cast[] doubt" on the previous court order. *United States v. Aquart*, 92 F.4th 77, 92 (2d Cir. 2024) (quoting *United States v. Plugh*, 648 F.3d 118, 124 (2d Cir. 2011)). Instead, the prior opinion "will be disregarded only when the court has a clear conviction of error with respect to a point of law on which its previous decision was predicated." *Id.* at 93 (quoting *Fogel v. Chestnutt*, 668 F.2d 100, 109 (2d Cir. 1981)). Indeed, the Supreme Court has stated that "[i]ntervening developments in the law by themselves rarely constitute the extraordinary circumstances required for relief under Rule 60(b)(6)." *Agostini v. Felton*, 521 U.S. 203, 239 (1997).

### III.   Discussion

#### A.  *Defendant City's Motion for Reconsideration*[3]

The operative complaint requested "compensatory damages for pain, suffering and garden variety emotional damages against all Defendants." (*See* Doc. 82 at 75.)  Defendant City moves for reconsideration of only the portion of the Opinion that "decline[d] to dismiss the ADA or Rehabilitation Act claims against the City." (Doc. 134 at 13–15.)  Specifically, the City argues that it "cannot be held liable for emotional distress damages under Rehabilitation Act and/or ADA." (MFR Br. 3.)

Defendant City's motion for reconsideration is based on the Supreme Court's decision in *Cummings v. Premier Rehab Keller, P.L.L.C.*, 596 U.S. 212 (2022).[4]  In that case, the issue was whether damages for emotional distress may be recovered under legislation enacted under Congress's spending power.  *Id.* at 216.  In describing Spending Clause statutes, the Court considered "four statutes prohibiting recipients of federal financial assistance from discriminating based on certain protected grounds," including the Rehabilitation Act.  *Id.* at 217–18.  The Court held that damages for emotional distress are "not recoverable under the Spending Clause statutes" considered in that case.  *Id.* at 222.

To the extent that the Opinion allowed for Plaintiff's Rehabilitation Act claims for

---

[3] The City also "respectfully requests that the Court reconsider its Opinion insofar as it did not dismiss any ADA or RA claims for injunctive relief against the City and, upon reconsideration, requests that the Court dismiss such claims." (MFR Br. 6–7.)  I construe the City's request to be a request for clarification, and not for reconsideration. In short, I agree that the Opinion dismissed Plaintiff's request for injunctive relief as moot as to Defendant City. Specifically, Plaintiff requested "an injunction ordering Defendants to take certain actions to accommodate his disability and expedite his interstate parole transfer." (Doc. 134 at 12 (citing Doc. 82 at 75).)  The Opinion reasoned that Plaintiff's claims for injunctive relief are moot because he "is no longer in" the custody of either the New York City Department of Corrections or the New York State Department of Corrections and Community Service. That reasoning applies to the issue here.  I clarify and confirm that the Opinion dismissed Plaintiff's claims for injunctive relief under the Rehabilitation Act and ADA as moot.

[4] The City appears to argue, albeit not directly, that *Cummings* represents an intervening change of law.

5

emotional damages to survive, such allowance "is beyond any question inconsistent with" *Cummings*. *See Sargent*, 75 F.3d at 90. This warrants reconsideration because *Cummings* specifically considered claims under the Rehabilitation Act for emotional distress damages, just as alleged here. Accordingly, Plaintiff's Rehabilitation Act claims for emotional distress damages against the City and the State are DISMISSED.[5]

The same can be said for Plaintiff's ADA claims for emotional damages. The Second Circuit recently found *Cummings* to apply in the ADA context and held that "[b]ecause recovery for emotional distress damages is unavailable under the Rehabilitation Act's cause of action . . . such recovery is likewise unavailable under Title II of the ADA." *Doherty v. Bice*, 101 F.4th 169, 175 (2d Cir.), *cert. denied*, 145 S. Ct. 381 (2024). *Doherty* is binding law that "is beyond any question inconsistent with" the Opinion, to the extent it permits Plaintiff's ADA claims for emotional distress damages. *See Sargent*, 75 F.3d at 90. Accordingly, Plaintiff's ADA claims for emotional distress damages against the City and the State are DISMISSED.

However, Plaintiff's claims under the Rehabilitation Act and the ADA survive to the extent they involve requests for "compensatory damages for pain [and] suffering" that are not emotional damages. For example, Plaintiff's claims of pain and suffering can be for physical pain and suffering, or some other type of injury that do not involve emotional damages. *See Byrnes v. Angevine*, No. 3:12-CV-1598, 2015 WL 3795807, at *6 (N.D.N.Y. June 17, 2015) ("Compensatory damages can include compensation for any physical injury, pain and suffering, mental anguish, shock and discomfort suffered as a result of a defendant's conduct." (citing *Walz*

---

[5] The State does not move for reconsideration or otherwise challenge the Opinion. Even still, "[a] district court may act sua sponte and reconsider its own orders in light of changed circumstances." *Fernandez v. Landis*, No. 19-CV-8192, 2020 WL 8872789, at *3 (S.D.N.Y. Apr. 28, 2020) (internal quotation marks omitted). Therefore, I exercise my authority to review my prior decision as it relates to the State despite the failure to move for reconsideration. The law is clear under *Cummings*, and equally applies to Plaintiff's claims against the State.

*v. Town of Smithtown*, 46 F.3d 162, 170 (2d Cir. 1995)).  The holding in *Cummings* was limited to damages for emotional distress; it did not involve damages for other kinds of injuries.  Accordingly, Plaintiff's claims under the Rehabilitation Act and the ADA for compensatory damages other than for emotional distress survive.

### B. *Plaintiff's Request for Appointment of Pro Bono Counsel*

Pro se Plaintiff filed a letter dated June 6, 2024, styled as "a formal motion for reconsideration," requesting appointment of counsel.  (Doc. 147 at 1.)  Plaintiff "seeks reconsideration of the Court's July 18, 2023 Order (Dkt. No. 133)." (*Id.*)  Plaintiff correctly notes that my July 18, 2023 Order noted that "[i]f this case survives Defendants' motion to dismiss, Plaintiff may renew his application for appointment of counsel." (*Id.*)  The operative complaint has survived Defendants' motion to dismiss, and Plaintiff has now renewed his application.  I do not consider this a "motion for reconsideration," and instead consider it a renewed application for appointment of counsel.  Indeed, the July 18, 2023 Order had expressly permitted Plaintiff to "renew his application for appointment of counsel" if the case survives a motion to dismiss.  (Doc. 133 at 2.)

I exercise the "[b]road discretion" I have in deciding whether to seek *pro bono* representation for a civil litigant.  *Hodge v. Police Officers*, 802 F.2d 58, 60 (2d Cir. 1986).  In *Hodge*, the Second Circuit Court of Appeals set forth the factors a court should consider in deciding whether to grant a litigant's request for *pro bono* counsel.  *Id.* at 61–62.  Of course, the litigant must first demonstrate that he or she is indigent, for example, by successfully applying for leave to proceed *in forma pauperis*.  The court must then consider whether the litigant's claim "seems likely to be of substance" – "a requirement that must be taken seriously." *Id.* at 60–61.  If these threshold requirements are met, the court must next consider such factors as:

7

> the indigent's ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder, the indigent's ability to present the case, the complexity of the legal issues[,] and any special reason in that case why appointment of counsel would be more likely to lead to a just determination.

*Id.* at 61–62; *see also Cooper v. A. Sargenti Co.*, 877 F.2d 170, 172 (2d. Cir. 1989) (listing factors courts should consider, including litigant's efforts to obtain counsel). In considering these factors, district courts should neither apply bright-line rules nor automatically deny the request for counsel until the application has survived a dispositive motion. *See Hendricks v. Coughlin*, 114 F.3d 390, 392–93 (2d Cir. 1997). Rather, each application must be decided on its own facts. *See Hodge*, 802 F.2d at 61.

Plaintiff filed a Request to Proceed *in Forma Pauperis* (IFP), which was granted. (*See* Doc. 7.) Plaintiff therefore qualifies as indigent. Next, because this case has survived two unopposed motions to dismiss, as well as a motion for reconsideration, I find that pro se Plaintiff's claims "seem[] likely to be of substance." Particularly in light of Plaintiff's physical and health-related constraints, including the fact that he is "legally blind and relies on a CCTV magnification device to read," and has "a broken right wrist/hand," "chronic, unabated nerve damage in both arms, hands and fingers," "visual disability," and "bilateral neuropathy," (*see generally* Doc. 147), I find that pro bono counsel is more likely to lead to a just determination of this action. In this case, representation would "lead to a quicker and more just result by sharpening the issues and shaping examination." *Hodge*, 802 F.2d at 61. Accordingly, Plaintiff's request for appointment of pro bono counsel is GRANTED.

Upon the filing by pro bono counsel of a Notice of Completion, the representation by pro bono counsel of Plaintiff in this matter will terminate, and pro bono counsel will have no further obligations or responsibilities to Plaintiff or to the Court in this matter.

Plaintiff is advised that there are no funds to retain counsel in civil cases and the Court relies on volunteers. The Court advises Plaintiff that the process for securing pro bono representation can be lengthy. The Court circulates pending cases to the bar at regular intervals, after which an attorney must review the case and obtain necessary clearances before contacting the Plaintiff to discuss representation. For all these reasons, some time may pass before a litigant is contacted by an attorney. The Court requests that the Plaintiff respond promptly to any outreach by a volunteer lawyer seeking to discuss possible pro bono representation. As the Court relies on volunteers, there is no guarantee that a volunteer attorney will decide to take the case or that, should the services of the volunteer be declined, the court will locate another. In either instance, Plaintiff should be prepared to proceed with the case pro se.

### IV.     Conclusion

For the foregoing reasons, Defendant City's motion for reconsideration is GRANTED IN PART and DENIED IN PART. The Clerk of Court is respectfully directed to terminate the motion pending at Document 144.

Plaintiff's request for appointment of pro bono counsel is GRANTED. The Clerk of Court is also respectfully directed to seek pro bono counsel for pro se Plaintiff.

The Clerk of Court is respectfully directed to mail a copy of this Opinion to pro se Plaintiff.

SO ORDERED.

Dated:  May 14, 2025
        New York, New York

_____
Vernon S. Broderick
United States District Judge